1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FARID ISMAYILZADA,                      No.  2:25-cv-00917-DJC-SCR

12              Plaintiff,

13        v.                                 ORDER

14   VALEH ARIFZADE,

15              Defendant.

16

17        Both Plaintiff and Defendant are proceeding pro se and this matter is accordingly referred

18   to the undersigned for pretrial proceedings pursuant to Local Rule 302(c)(21) and 28 U.S.C. §

19   636(b)(1).  On July 31, 2025, the Court held a status and pretrial scheduling conference by Zoom.

20   *See* ECF No. 9.  Defendant did not appear at the conference and did not file the required status

21   report prior to it.  After hearing from the Plaintiff, and in consideration of Plaintiff's status report

22   (ECF No. 8), the Court enters the following scheduling order:

23   **SERVICE OF PROCESS**

24        Service of process is not disputed and Defendant has filed an answer.

25   **JOINDER OF PARTIES/AMENDMENTS**

26        Plaintiff does not anticipate any further joinder of parties or amendment of pleadings.

27   ECF No. 8 at 1.  Any motion to amend pleadings or for joinder of parties shall be filed on or

28   before **September 19, 2025**.

**JURISDICTION/VENUE**

Jurisdiction and venue have not been disputed.  Diversity of citizenship jurisdiction is alleged, and Plaintiff alleges the events giving rise to this action occurred in this District.

**DISCOVERY**

The parties shall exchange initial disclosures under Rule 26 by **September 10, 2025**.

All non-expert discovery shall be completed by **December 19, 2025.**  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel non-expert discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than **November 19, 2025**.

The parties are reminded to review the "Civil Standing Order" posted on Judge Riordan's webpage.  Judge Riordan encourages early resolution of discovery disputes outside the formal Local Rule 251 procedures, when appropriate.  Upon order of the court, or by agreement of the parties, Judge Riordan will resolve minor or discrete discovery disputes by conducting an informal telephonic conference.  Additional information is available on the court's website at www.caed.uscourts.gov

**EXPERT DISCLOSURE**

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) as follows: expert disclosures on or before **January 5, 2026**; rebuttal expert disclosures on or before **January 26, 2026**.  Expert discovery shall be completed by **February 20, 2026**.

**MOTION HEARING SCHEDULES**

All motions, except motions for continuances, temporary restraining orders, or other emergency relief, or as to discovery, shall be filed by **March 3, 2026**.  The parties are cautioned to refer to the Local Rules and Judge Riordan's Civil Standing Order regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  Available hearing dates are available on Judge Riordan's website.

All purely legal issues are to be resolved by timely pretrial motion. The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth above. The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. The parties are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.

**FINAL PRETRIAL CONFERENCE**

Upon resolution of any motions filed by **March 3, 2026**, or upon passing of that deadline if no such motions are filed, the Court will set a Final Pretrial Conference.

**TRIAL SETTING**

In conjunction with the setting of the Final Pretrial Conference or at the Final Pretrial Conference, the Court will set a trial date.

**SETTLEMENT CONFERENCE/MAGISTRATE JUDGE AS SETTLEMENT JUDGE**

Plaintiff expressed a willingness to engage in a settlement conference. ECF No. 8 at 2. Defendant has not expressed a position. If the parties determine that they desire a magistrate judge of this Court to convene a settlement conference, they shall file a joint notice so indicating.

**IT IS SO ORDERED.**

DATED: August 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3