UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID ISMAYILZADA, Plaintiff, v. VALEH ARIFZADE, Defendant. | No. 2:25-cv-00917 DJC SCR<br><br>ORDER |

Plaintiff Farid Ismayilzada, who is proceeding pro se, is suing Defendant Valeh Arifzade for fraud and fraudulent misrepresentation concerning Plaintiff's investment in Defendant's invention. On June 1, 2026, Plaintiff filed a motion to strike Defendant's answer and for entry of default. ECF No. 13. For the reasons explained below, the Court will grant the motion.

Defendant, who is also proceeding pro se and whose address is in Azerbaijan, has persistently failed to participate in this litigation. After filing an answer on May 1, 2025, Defendant did not submit a status report when ordered by the Court (ECF Nos. 7 & 8) or appear at the pre-trial scheduling conference held on July 31, 2025 (ECF No. 9). Then, after the close of discovery and the passing of the dispositive motion deadline, Defendant did not appear at a status conference. ECF No. 12. The Court had set the status conference through a minute order directing the parties "to be prepared to discuss what discovery has occurred, whether the matter is ready to proceed to trial, and whether this matter should set for a settlement conference." *Id.*

Plaintiff's motion to strike and for entry of default contends that Defendant "has taken no meaningful steps to defend this action." ECF No. 13. Plaintiff represents that Defendant "has not engaged in discovery, communicated with Plaintiff, or otherwise indicated any intent to actively litigate." Id. Defendant did not file an opposition or other response to Plaintiff's motion.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

> However, if a party files an answer and thereafter fails to plead or otherwise defend, "the court cannot enter default until the answer is stricken." *Osgood v. Main Streat Mktg., LLC*, No. 3:16-cv-2415-GPC-BGS, 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017). "A defendant's answer may be stricken when the defendant persistently fails to participate in the action." *Staniforth v. Total Wealth Mgmt., Inc.*, No. 3:14-cv-01899-GPC-JLB, 2022 WL 774733, at *2 (S.D. Cal. Feb. 17, 2022).

*Carbon Autonomous Robotic Sys. Inc. v. Laudando & Assocs. LLC*, No. 2:24-CV-03012-DAD-JDP, 2025 WL 2986749, at *1 (E.D. Cal. Oct. 23, 2025). Here, Defendant's failure to participate in the action for nearly a year-and-a-half warrants the striking of Defendant's answer and the entry of default.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion (ECF No. 13) is GRANTED;
2. The Clerk of the Court is directed to:
   a. Strike Defendant Valeh Arifzade's answer (ECF No. 6); and
   b. Enter default against Defendant Valeh Arifzade under Federal Rule of Civil Procedure 55(a).
3. Plaintiff shall file a motion for default judgment pursuant to Rule 55(b) or seek other appropriate resolution within 30 days of this order.

DATED: November 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE